# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ARSUS, LLC, a Utah entity,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN H. FIRMAGE, INC. dba BMW of Murray, a Utah entity,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:17-cv-00125-DB<br><br>U.S. District Judge Dee Benson |

    Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 40) of no infringement, filed on January 30, 2018.  On March 16, 2018, Plaintiff filed a timely memorandum in opposition to Defendant's motion.  (Dkt. No. 58.)  On April 6, 2018, Defendant submitted a reply to Plaintff's opposition.  (Dkt. No. 65.)  On October 25, 2018, the Court heard oral argument on the motions.  At the hearing, Plaintiff was represented by Todd E. Zenger and Patrick Bright, while Defendant was represented by Brent O. Hatch, Joseph P. Lavelle, and Andrew N. Stein.  At the conclusion of the hearing, the Court granted Defendant's Motion for Summary Judgment based on the parties' written and oral arguments and the relevant law, with a written order to follow.  The Court now enters the following order memorializing the Court's ruling GRANTING Defendant's Motion for Summary Judgment.

## BACKGROUND

    Defendant sells and distributes automobiles that are manufactured by Bayerische Motoren Werke of Germany ("BMW") and imported by BMW of North America.  (Dkt. No. 2, Compl. ¶ 6.)  Some of these vehicles include BMW's Active Driving Assistance Plus ("ADAP") features, which Plaintiff alleges prevent vehicles from being steered beyond a rollover threshold

of the vehicle. (*Id.* ¶¶ 6-8.) Specifically, Plaintiff asserts that "when ADAP is operative the vehicle automatically imposes a steering angle limitation so that the vehicle is prevented from being steered beyond a rollover threshold of the vehicle." (*Id.* ¶ 9.) Accordingly, Plaintiff argues that the vehicles sold by Defendant infringe Plaintiff's claims 1 to 4 of the '989 patent, and claims 1 to 5, 7 to 11, 13 to 18, 20 and 21 of the '103 patent (collectively Plaintiff's "asserted claims"); these claims include a "rollover prevention apparatus that allows a vehicle to be steered within a non-rollover steering range of motion of said vehicle but prevents said vehicle from being steered beyond a rollover threshold of said vehicle," as well as a "vehicle having a first mode and a second mode and adapted such that when said vehicle is in said first mode, said vehicle is manually steerable within a non-rollover steering range of motion of said vehicle, and such that when said vehicle is in said second mode, said vehicle automatically imposes a steering angle limitation such that said vehicle is prevented from being steered beyond a rollover threshold of said vehicle." (*Id.* ¶¶ 11-14.)

In his supporting memorandum, Defendant argues that based on the plain language of Plaintiff's asserted claims, he is entitled to summary judgment of no infringement and that there is no need for the Court to engage in claim construction. (Dkt. No. 40-2 at 15.) Specifically, Defendant contends that none of the ADAP systems prevent the vehicle or the driver from steering it beyond a rollover threshold, relying primarily on the declaration of BMW of North America Product Requirements & Development Manager Frederick W. Fox ("the Fox Declaration") to support this contention.

Relying primarily on a declaration from Michael R. Schramm (the inventor of the two patents at issue for Plaintiff's anti-roll steering apparatus), Plaintiff responds that as long as an ADAP-equipped vehicle is in the ADAP engaged mode, that vehicle is prevented from being

2

steered beyond a rollover threshold. (*See* Dkt. No. 58-1, Ex. A.) Plaintiff further contends that Mr. Fox's declaration is insufficient to obtain summary judgment because it does not establish that Fox has adequate personal knowledge of the ADAP system, and doesn't seek to qualify him as a witness, but merely shows that he is "familiar" with the system. (Dkt. No. 58 at 4.) Defendant counters that Fox has personal knowledge of ADAP from his job responsibilities, his consultation of the applicable BMW manuals, and his own first-hand experience driving cars with ADAP features. (Dkt. No. 40-12 at ¶ 8.)

## DISCUSSION

As the moving party, Defendant bears the burden of establishing that there is no genuine issue of material fact in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). A movant who does not bear the burden of persuasion at trial may satisfy this burden "by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Defendant has met his burden, and is thus entitled to summary judgment. Defendant has demonstrated that ADAP systems (Evasion Aid, Traffic Jam Assistant, and Lane Keeping Assistant) assist drivers through various "mild torque" steering interventions, but that none of these features restrict or otherwise limit the driver's ability to steer the vehicle through the entire range of steering motion available in the vehicle, including beyond the rollover threshold. (Dkt. No. 40-2 at 9.) Defendant has also shown that even when ADAP is in the engaged mode, a driver is not relieved of his or her duty to steer the vehicle in order to stay on the roadway. (*Id.* at 12.)

As an initial matter, Plaintiff's contention that the Fox Declaration is inadmissible is without merit. "Testimony should not be excluded for lack of personal knowledge unless no

reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about. Weinstein, *Weinstein's Evidence* ¶ 602[02], at 602-8 to 11 (1988)." *United States v. Hickey,* 917 F.2d 901, 904 (6th Cir. 1990). Defendant has shown that Fox in his capacity as Product Requirements and Development Manager for BMW of North America is responsible for testing and validating Driving Assistance packages and features offered in BMW-brand vehicles, including the 2018 and 2017 5-Series (G30) and 2017 7-Series (G12), and thus has personal knowledge of ADAP operations. (Dkt. No. 65 at 9; Dkt. No. 40-12 at ¶¶ 1-2.) He holds a Mechanical Engineering degree, leads a team composed mostly of engineers in carrying out his management duties, and has worked for BMW since 1990. (Dkt. No. 40-12 at ¶¶ 1-2.) He is also familiar with the applicable BMW manuals and has first-hand experience driving cars with ADAP features. (Dkt. No. 65 at 9.) Defendant has clearly met his burden of showing that a reasonable juror could find that Fox has personal knowledge of ADAP's operations, and Plaintiff has failed to rebut this.

Even if fully credited, Plaintiff's arguments do not establish facts sufficient for a prima facie case of patent infringement, and thus cannot overcome summary judgment. The plain and ordinary meaning of the asserted claims requires that the apparatus (here the ADAP systems) prevent the vehicle from being steered beyond a rollover threshold. However, unlike Plaintiff's anti-roll steering apparatus, ADAP <u>never</u> physically prevents or restricts drivers from steering ADAP-equipped vehicles beyond the rollover threshold. While Plaintiff claims that ADAP in the engaged mode prevents the vehicle from being "self-steered" beyond the point of rollover, (Dkt. No. 58 at 3), Plaintiff does not contest that a driver can always manually override the ADAP steering interventions and steer the vehicle beyond the rollover threshold. (*Id.* at 2.) Simply put, ADAP never actually prevents the vehicle from being steered beyond a rollover

threshold at any point, including when ADAP is in the engaged mode.  Plaintiff has thus failed to show infringement of the asserted claims.

Finally, claim construction is "not an inviolable prerequisite" to granting summary judgment in patent cases.  *See Genetic Techs. Ltd. V. Merial L.L.C.*, 818 F.3d 1369, 1373-74 (Fed. Cir. 2016).  If (as here) a nonmovant fails to show that claim construction is relevant to resolving issues of law, a court may proceed without conducting a formal claim construction.  *See, e.g.*, *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) ("Because the plain and ordinary meaning of the disputed claim language is clear, the district court did not err by declining to construe the claim term.")  The Court accordingly holds that no claim construction is necessary to resolve this dispute, and that Defendant is entitled to summary judgment of non-infringement.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

Dated this 15th day of November, 2018.

BY THE COURT:

Dee Benson
United States District Judge